Frost J.
delivered the opinion of the Court.
The report refers to the depositions for a more detailed statement of the evidence, which not having been produced by either party to the Court, it is presumed cannot vary the case. Ross having purchased at sheriff’s sale a lease for seven years of a tract of land, five years after the lease had expired, covenanted to make titles for the same to the plaintiff. In the covenant, the land is described as that purchased at sheriff’s sale; and there is no proof that the defendant had any other title, or that he was in possession of the land when he contracted to *290 sell it. In 1841 the plaintiff was in possession, and proved that he had bought the land from Elmore, but whether before or after that time does not appear. The declaration contains a special and indebitatus assumpsit count for money had and received. The defendant objects to the admission of parol evidence, that the plaintiff purchased the land from Elmore, because it made an issue of title in an action of assumpsit. Such an issue frequently occurs in actions on notes given for the purchase of land, when the defendant relies on a failure of consideration, in that, part of the land conveyed is covered by a better title than the plaintiff’s.
Another objection is, that the plaintiff having entered under the defendant, is estopped from denying his title. The objection would be good, if there was any proof that the plaintiff did so enter. The covenant to make titles gave the plaintiff no right of entry; so that his possession cannot be derived from the defendant by force of the deed. It does not appear that the defendant, when he executed the covenant, had any possession which was or could have been transferred to the plaintiff; nor in fact that the plaintiff did enter until after he had purchased from Elmore. If the defendant had neither title which might give a constructive possession, nor an actual possession, it cannot be said that the plaintiff entered under him. Whether the plaintiff had any title, was the only fact involved in the issue. The verdict finds he had no title.
The remaining objection is, that the plaintiff should have sued on the covenant. This would be necessary, if he relied on the contract and sought damages for the breach of it. But, in this action, the plaintiff waives the contract, and all claim for damages on account of its non-performance, and sues only to recover back the money paid in consideration of it, on the ground that the defendant’s claim of title was a false pretence, and the covenant an imposition. Indebitatus assumpsit is the most comprehensive form of action at law, being co-extensive with fraud and injustice, by whatever means they may be effected. Frauds avoid all contracts; and it is at the option of the injured party, either to affirm the agreement, by bringing an action for the non-performance, or to disaffirm it, ab initio, *291 by reason of the fraud, and bring an action for money had and received to his use; Moses v. M’Farlane, 2 Bur., 1011. Contracts respecting land, and under seal, form no exception to the rule. In Roper v. Coombes, 6 Barn. & C., 534, assumpsit was brought to recover the deposit, paid under an agreement for the sale of a lease, on the ground that the defendant had no power to- grant the lease contracted for. The deposit on a contract under seal for the sale of land, may on the same ground be recovered by this action; Greville v. Dabosta; Peake’s Ad. Cases, 113. When the contract has been in part performed, and the plaintiff has received a benefit, this action will not lie; for if the contract is to be rescinded, it must be rescinded entirely, so that the parties may be placed in statu quo. The evidence does not show that the plaintiff derived any benefit from the covenant, or that the defendant would sustain any injury by the rescisión. The circuit Judge reports that the defendant showed no shadow of claim to the land. If the plaintiffis refunded, what he paid the parties will be in statu quo.
The motion is refused.
O’Neall J., Evans J., and Wardlaw J., concurred.